## Jack HOLLIS v. STATE.
### No. 15681.

Court of Criminal Appeals of Texas.
Nov. 9, 1932.

R. S. Ragsdale, of Burkburnett, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is burglary; penalty assessed at confinement in the penitentiary for three years.

The indictment and procedure appear regular. No criticism of the trial is brought forward for review by bills of exception or otherwise. The record is here without a statement of the facts heard upon the trial.

Some criticism of the procedure is made in the motion for new trial, but it is supported by no facts or bills of exception. Nothing is perceived which would authorize an annulment of the verdict.

In preparing the sentence, the court failed to give the appellant the benefit of the Indeterminate Sentence Law (article 775, Code Cr. Proc. 1925), under the terms of which the appellant should be condemned to suffer confinement in the state penitentiary for a period of not less than two nor more than three years.

As reformed, the judgment is affirmed.

HAWKINS, J., not sitting.

## H. A. JENKINS, alias Hence Jenkins, v. STATE.
### No. 15508.

Court of Criminal Appeals of Texas.
Oct. 12, 1932.

Ross Huffmaster, of Kaufman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is burglary; the punishment, confinement in the penitentiary for two years.

Upon the written request of appellant, duly verified by affidavit, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## J. C. NEWTON v. STATE.
### No. 15613.

Court of Criminal Appeals of Texas.
Oct. 19, 1932.

F. M. Chaney, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Theft, a misdemeanor, is the offense; penalty assessed at a fine of $10 and confinement in the county jail for a period of thirty days.

There are no bills of exception and no statement of facts. The motion for new trial raises no questions that can be considered in the absence of a statement of facts or bills of exception.

The judgment is affirmed.